PEOPLE v. KELTY

1. OBSCENITY—PICTURES—PRIVATE POSSESSION—HOME—CURTILAGE.
   Private possession of obscene pictures in a person's home or cur-
   tilage is not a crime (US Const, Ams 1, 14; MCLA § 750.343a).

2. OBSCENITY—STATES—PRIVACY OF HOME.
   The broad power of the states to regulate obscenity does not
   extend to mere possession of obscene materials by an individual
   in the privacy of his home (US Const, Ams 1, 14).

Appeal from Ionia, Leo B. Bebeau, J. Submitted
Division 3 February 5, 1970, at Grand Rapids.
(Docket No. 7,033.) Decided February 24, 1970.

Wayne Kelty was convicted of knowingly having
in his possession obscene pictures with intent to
show them and to give them away. Defendant ap-
peals. Vacated.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Walter M. Marks,*
Prosecuting Attorney, for the people.

*Welch & Watt (Kimbal R. Smith, III,* of counsel),
for defendant.

Before: HOLBROOK, P. J., and DANHOF and ROOD,*
JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 50 Am Jur 2d, Lewdness, Indecency and Obscenity § 11.

PER CURIAM. Defendant was charged in two counts with knowingly having in his possession obscene pictures with intent to show them and to give them away, contrary to MCLA § 750.343a (Stat Ann 1969 Cum Supp · § 28.575[1]). A jury convicted him on both counts and he was placed on probation for two years and fined $500.

In the instant case the photographs while enclosed in a black opaque case were stolen from defendant's car while it was parked in his own driveway. There was no testimony at the trial that defendant had ever shown or given away any of the pictures, or any similar to them. Without determining whether or not the pictures were obscene, we conclude that, even if they were, mere private possession of obscene pictures in his home or curtilage would not be a crime. In *Stanley* v. *Georgia* (1969), 394 US 557 (89 S Ct 1243, 22 L Ed 2d 542) the Court said:

"We hold that the First and Fourteenth Amendments prohibit making mere private possession of obscene material a crime. *Roth* and the cases following that decision are not impaired by today's holding. As we have said, the States retain broad power to regulate obscenity; that power simply does not extend to mere possession by the individual in the privacy of his own home."

Because of our ruling it is unnecessary to decide the other questions raised by the defendant.

Conviction and sentence vacated and defendant released.